IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GORDON WETSELLINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-1148-SM |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Gordon Wetselline (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed before a United States Magistrate Judge. Docs. 5, 11.[1] After a careful review of the record (AR), the parties' briefs, and the relevant authority, the court affirms the Commissioner's decision.

---

1  Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record will refer to its original pagination.

I. Administrative determination.

A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

## C. Relevant findings.

### 1. Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis in order to decide whether Plaintiff was disabled during the relevant timeframe. AR 18-31; *see* 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). Specifically, the ALJ found Plaintiff:

(1) had severe degenerative disc disease of the cervical spine, status post cervical fusion in September 2017; and hypertension;

(2) did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(3) had the residual functional capacity[2] (RFC) for light work with various additional exertional and nonexertional restrictions;

(4) could not perform his past relevant work;

(5) was unable to perform any past relevant work, but could perform jobs that exist in substantial numbers in the national economy, such as apparel stock checker, motel cleaner, and small parts assembler; and thus

(6) had not been under a disability as defined by the Social Security Act since August 31, 2015, the date the application was filed.

AR 18-31.

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

3

### 2. Appeals Council's Findings.

The SSA's Appeals Council denied Plaintiff's request for review, so the ALJ's unfavorable decision is the Commissioner's final decision in this case. *Id.* at 1-4; *see Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance" and means "only" such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Lax*, 489 F.3d at 1084; *Bistek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

### B. Issue for judicial review.

Plaintiff argues the ALJ "improperly weighed the medical evidence." Doc. 14, at 8-13. Plaintiff maintains the ALJ gave "little weight" to the treating physician's report "because it was provided eight days before he performed

4

surgery." *Id.* at 9. He also maintains that "[t]he ALJ gave 'great weight' to the nontreating, nonexamining State agency medical consultants . . . ." *Id.* (citing AR 81-83, 94-97).

## III. Analysis.

### A. Opinion evidence.

The ALJ was required to consider all the medical source opinions regarding Plaintiff's claimed impairments—physical and mental. *See* 20 C.F.R. § 416.927(c) ("Regardless of its source, [the ALJ] will evaluate every medical opinion [he] receive[s].").

Under § 404.927(c)(2),

> [i]f [the ALJ] find[s] that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the ALJ] will give it controlling weight.

*See also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Conversely, "if the [treating physician's medical] opinion is deficient [because it is not well-supported or is inconsistent with other substantial evidence in the record], then it is not entitled to controlling weight." *Id.*

"Unless [the ALJ] give[s] a treating source's medical opinion controlling weight . . ., [the ALJ will] consider [six regulatory] factors in deciding the weight . . . [to] give to *any* medical opinion," § 416.927(c) (emphasis added),

5

including a treating source's opinion. In other words, "resolving the controlling weight issue does not end our review." *Watkins*, 350 F.3d at 1300 (internal quotation marks omitted). Instead, if the ALJ determines the treating source's opinion is not entitled to controlling weight, the ALJ must consider the regulatory factors in § 416.927(c)(2)-(6) to determine what weight to assign to the opinion.

> Those factors are: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1300-01 (internal quotation marks omitted).

As an overarching principle, the ALJ should "[g]enerally . . . give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of a medical source who has not examined [the claimant]." § 416.927(c)(1). Nonetheless, "[a]n opinion found to be an examining rather than treating medical-source opinion may be dismissed or discounted," so long as the ALJ bases the decision "on an evaluation of all the factors set out in [§ 416.927(c)] and [he] . . . provide[s] specific, legitimate reasons for rejecting it." *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (internal quotation marks omitted).

6

### B. Substantial evidence supports the weight the ALJ ascribed to Dr. Stephen K. Ofori's opinion.

As Plaintiff explains, Dr. Ofori gave an opinion Plaintiff was not employable eight days before performing surgery on Plaintiff. Doc. 14, at 9.

The ALJ noted:

> On September 20, 2017, Stephen K. Ofori, M.D, checked a box indicating the claimant is not employable. He reported the claimant's diagnosis of C3-C4, C4-C5, C5-C6, and C6-C7 disc herniation with central canal and foraminal stenosis. The doctor noted the claimant complained of neck pain, numbness, tingling, and weakness in both arms, left worse than right. The form requests an "Interpretation of the diagnosis in relation to the way it affects the patient. Indicate any secondary physical, mental or personality difficulties which affect the individual's capacity to engage in the occupation he is prepared to do" (Exhibit 27E/3). In response, Dr. Ofori wrote the claimant has numbness and weakness of the arms and that the spinal cord and nerve supplying the claimant's arms are pinched at the four specified levels in his neck. The doctor noted he recommended surgery and wrote the claimant's condition is temporary if he gets the surgical treatment proposed. The doctor wrote that treatment with neck conditioning and physical rehabilitation may improve the claimant's condition sufficiently to make the claimant employable.
>
> The undersigned gives little weight to the doctor's statements as his opinion was provided only eight days before he performed the September 28, 2017 surgery, and on October 6, 2017, the claimant reported to Toni White, M.D., that "his pain is controlled" (Exhibits 18F, 19F, and 20F/quote on 11), so the doctor's opinion is inconsistent with other substantial evidence-the claimant's own acknowledgement of improvement in his pain. The doctor rendered his opinion before the surgery. There is no

> indication the claimant would not be able to perform SGA within 12 months after the surgery. Moreover, the doctor is not a vocational expert. In addition, the form asks how the claimant's condition affects his ability to engage <u>in the occupation he is prepared to do</u>[] (Exhibit 27E/3). The undersigned agrees the claimant could not return to his past medium exertional level work.

AR 29.

Plaintiff appears to argue the ALJ failed to give a reason regarding the amount of weight he gave Dr. Ofori's opinion, beyond noting Plaintiff's reporting that his pain was controlled. Doc. 14, at 13. Plaintiff argues that a one-sentence rejection of a treating physician's opinion does not qualify under *Krauser*. *Id.*

The ALJ found substantial medical evidence that contradicted Dr. Ofori's opinion: On October 6, 2017, Plaintiff acknowledged "his pain was controlled." AR 29. At that exam, Dr. Toni White noted no muscle atrophy and equal muscular symmetry. *Id.* at 26. And the physical therapist reported on that date that Plaintiff's rehabilitation potential was "good." *Id.* And, Dr. Ofori gave his opinion just days before performing surgery. *Id.*

Although an examining opinion may be dismissed or discounted, that determination must be based on an evaluation of the factors in § 416.927(c)(2)-(6), and the ALJ "must provide specific, legitimate reasons for rejecting it." *Chapo*, 682 F.3d at 1291 (internal quotation marks omitted). The ALJ did not specifically mention the factors in § 404.1527(c)(2)-(6), but he clearly had them

in mind when he found that Dr. Ofori's pre-surgery opinion was not well-supported, inconsistent with the record as a whole, and contradicted by how Plaintiff presented himself. Substantial evidence supports the ALJ's decision.

C. **Substantial evidence supports the "great weight" the ALJ ascribed to the State agency medical consultants.**

Plaintiff next challenged the ALJ's giving great weight to the two State agency medical consultants who reviewed the medical record in late 2015. Doc. 14, at 12. The consultants considered the 105 MRI study, showing "small disc protrusions at C4-C5 and C5-C6." *Id.* (quoting AR 559). But these consultants did not review the 2017 MRI Dr. Ofori reviewed. *Id.* As such, Plaintiff continues, their options were too remote and could not anticipate the any changes in his medical condition. *Id.* at 13.

As Plaintiff notes, an ALJ may rely on State agency medical consultants' opinions if they have adequate medical evidence support. *Id.* These consultants deemed Plaintiff capable of performing light work, AR 28, and the ALJ added further postural and reaching limitations than those the consultants suggested. *Id.* The ALJ noted that in 2016 Plaintiff admitted he performed construction work, maintenance work, and admitted he could lift fifty pounds. *Id.* at 27. And the ALJ discounted Plaintiff's credibility regarding his reported limited activities and his testimony at the hearing. *Id.* at 30. And, the ALJ found that "[t]reatment notes in the record fail to support [Plaintiff's]

9

allegations of disabling pain and limitations." *Id.* Plaintiff challenges neither finding.

State agency medical consultants are highly qualified experts in Social Security evaluation. *See* § 416.913a(b)(1). Moreover, the absence of a specific discussion is harmless if there is no inconsistency between the opinion and the ALJ's RFC assessment. *See Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014); *see also Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012). Here, the ALJ's RFC finding is consistent with the State agency consultants' opinion, with the exception of limitations *favorable* to Plaintiff that the State agency consultants did not propose. Substantial evidence supports the ALJ's decision.

As the Commissioner points out, the ALJ considered the entire record as a whole in formulating the RFC that limited Plaintiff to the greatly reduced physical demands of light work. Doc. 18, at 13-14 (citing *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Substantial evidence supports the ALJ's decision.

IV. Conclusion.

The court AFFIRMS the Commissioner's decision.

ENTERED this 29th day of July, 2019.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE